UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>JUAN CAMARGO,<br><br>    Defendant. | Case No. 1:19-cr-00037-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Juan Camargo's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c). Dkt. 229. The Government has filed an opposition to Camargo's Motions. Dkt. 234. Camargo filed a reply brief. Dkt. 236. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On February 21, 2020, after pleading guilty to one count of the distribution of methamphetamine, the Court sentenced Juan Camargo to 100 months of incarceration followed by four years of supervised release. Dkt. 196. He is currently incarcerated at

Federal Correctional Institution Sheridan ("FCI Sheridan") in Sheridan, Oregon, with an anticipated release date in 2025.[1]

As required, Camargo first petitioned the Warden at FCI Sheridan for release. Dkt. 229-5. The Warden denied the request in late September 2022. Dkt. 229, at 17. Now that at least 30 days have passed since Camargo submitted his request to the Warden, the District Court may now review the Motion for Compassionate Release. 18 U.S.C. § 3582(c)(1)(A).

On October 18, 2022, Camargo filed the instant Motion for Compassionate Release. Dkt. 229. Camargo bases his request on his deteriorating health due to improper treatment for a humerus fracture and the inadequate medical care provided at FCI Sheridan. Dkt. 229, at 2-3. The Government filed an opposition to the motion on December 2, 2022. Dkt. 234. Camargo replied on December 9, 2022. Dkt. 236.

### III. LEGAL STANDARD

Camargo seeks compassionate release under the First Step Act ("FSA"), newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[2] In order to grant compassionate release, a district court must, as a

---

[1] Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results

[2] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

**A. Exhaustion of Administrative Remedies**

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Camargo submitted a request for Compassionate Release with the Warden of Sheridan on August 25, 2022. Dkt. 229-5. The Warden denied the request in late

---

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.")).

MEMORANDUM DECISION AND ORDER - 3

September. Dkt. 229, at 14.[4] Based on the denial of the request, the Court finds he has exhausted his administrative remedies and the Court may now review the Motion for Compassionate Release.

### B. Extraordinary and Compelling Reasons

Having determined that Camargo has exhausted his administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in his sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Camargo bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume

---

[4] Camargo has not provided documentation of the denial, but the Court accepts his representations.

compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). This assumption is no longer consistent with the law under the FSA, which allows defendants to seek relief directly from the court. As such, the question of whether district courts are strictly bound by the Sentencing Commission's statements in U.S.S.G. § 1B1.13 when considering prisoners' motions for compassionate release—as they are when considering motions by the Director of the BOP—was momentarily left open. The Ninth Circuit has recently answered that question in the negative. *See United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (holding that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."). Therefore, the guidelines in U.S.S.G. § 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

Nonetheless, Camargo's motion asserts he qualifies for Compassionate Release for compelling circumstances created by the inadequate medical treatment provided by staff at FCI Sheridan, resulting in his health declining to a point where he is no longer able to care for himself. *See generally,* Dkts. 229, 236. The Sentencing Commission Guidelines establish that the medical condition of the Defendant is considered if he "is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correction facility *and* from which he is not expected to recover." U.S. Sentencing Guideline 1B1.13 n.1(A)(ii)(I) (emphasis added). The scheduling delays for rehabilitative physical therapy and post-surgery follow ups do not present compelling and extraordinary circumstances. *See e.g.,*

MEMORANDUM DECISION AND ORDER - 5

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 682 (N. D. Cal. 2019) (finding a wheelchair bound inmate with limited access to medical care did not present substantially severe health conditions to warrant early release); *United States v. Muhammad*, 2022 WL 4109102, at *3 (W.D. Wash. Sep. 8, 2022) (finding a delay in the receipt of medical services does not amount to extraordinary and compelling circumstances).

Camargo suffered a broken humerus after falling from the top bunk on February 18, 2022. Dkt. 229, at 5. He received immediate medical care, and his arm was placed in a coaptation split. *Id.* He received follow-up care and was switched to a fracture brace in March of 2022. *Id.* A follow-up two months later revealed the arm was not healing as expected and Camargo was developing a "nonunion"—the inability of the fractured bone to heal—and recommended surgery. *Id.* at 6. Camargo received surgery on September 22, 2022. *Id.* at 36.

Camargo expressed frustration at the speed and quality of medical care he received pre-operation, and a concern for the adequateness of post-operation rehabilitation and care as the basis of his request for compassionate release. He asserts the conditions and inadequate medical care rise to the level of cruel and unusual punishment, even torture. Dkt. 229, at 1-2. Camargo discussed at length the inadequate medical care other inmates had received while at the facility. *Id.* at 9-10. The Eighth Amendment concerns may be argued, but a request for compassionate release is not the appropriate place. A compassionate release motion is focused on the individual circumstances and the compelling nature of the specific circumstances. The Eighth Amendment concerns raised by Camargo are generalized concerns for the inmate population at-large at Sheridan, and

MEMORANDUM DECISION AND ORDER - 6

to the extent Camargo complains of the adequacy of his own medical treatment, such is more appropriately addressed via a civil rights action, not a motion for compassionate release.

Much of the request focused on Camargo's difficulties in performing daily activities prior to surgery. *Id.* at 7. While the Court can understand this struggle, once the surgery was completed, this issue was addressed. Further, Camargo's post-surgery concerns are hypothetical, based on the allegation of inadequate medical care and the gap between appointments with medical providers. *Id.* at 10. Having received the necessary surgery, the concerns about possible future issues does not present a compelling argument warranting compassionate release.

The Government also argues that the 18 U.S.C. § 3553(a) factors weigh against Camargo's release.[5] Dkt. 234, at 4. The Court agrees. Camargo has failed to demonstrate how early release reflects the seriousness of the offense, promotes respect for the law, and

---

[5] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

provides just punishment for the offense. As outlined by the Presentence Investigation Report, Camargo was convicted of a drug trafficking crime involving large amounts of methamphetamine. Dkt. 169, ¶¶ 37-39. Further, Camargo played an integral part in the drug trafficking organization and was not a minor player. Dkt. 233, 47:18-22. There is no indication that he intended to stop his illegal behavior had he not been apprehended, and he has failed to show how his time served is sufficient to adequately deter future criminal conduct. The Court agrees with the Government's argument that the public is currently best protected by Camargo's continued incarceration. As such, all four factors set forth in U.S.C. § 3553(a)(2) weigh against releasing Camargo early.

In sum, the Court finds that Camargo has exhausted his administrative remedies. That said, he has failed to substantively demonstrate an "extraordinary and compelling" reason" for his release and has failed to show that such a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Camargo at this time. Accordingly, the Court must DENY Camargo's motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Camargo's Motion for Compassionate Release (Dkt. 229) is DENIED.

DATED: February 14, 2023

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8